**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30052 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-06027-EFS |
| v. | |
| RAMON CONTRERAS-FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Ramon Contreras-Flores appeals from the district court's judgment and

challenges his guilty-plea conviction and the 30-month sentence for being an alien

found in the United States after deportation, in violation of 8 U.S.C. § 1326. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contreras-Flores first contends that his conviction under Washington Revised Code § 69.50.401 for delivery of methamphetamine is not a categorical drug trafficking offense, thereby making his underlying deportation order invalid. As Contreras-Flores concedes, his argument is foreclosed by our decision in *United States v. Burgos-Ortega*, 777 F.3d 1047, 1052-55 (9th Cir.), *cert. denied*, 135 S. Ct. 2848 (2015).

Next, Contreras-Flores asserts that the district court erred by failing to explain adequately its decision to grant a one-level downward adjustment to his base offense level, but still impose a sentence within the original Guidelines range. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court sufficiently explained its reasons for imposing the sentence, highlighting the need for deterrence and protection of the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Contreras-Flores finally claims that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Contreras-Flores' sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the applicable 18 U.S.C.

§ 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**